IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-CV-04034-BCW |
| ) | |
| RICOH USA, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Ricoh USA, Inc. ("Defendant"), by and through its counsel, and for its Answer to the Complaint filed by Plaintiff Michel Turner ("Plaintiff"), alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Mr. Turner, is an adult citizen, born August 9, 1954, who resides in Jefferson City, Missouri and is a former employee of RICOH. Plaintiff began working for RICOH in June 1982 and was terminated from employment with RICOH on May 20, 2019.

**ANSWER:** Defendant admits that it previously employed Plaintiff prior to his termination on May 20, 2019. Defendant denies that it began employing Plaintiff in June 1982. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and they are therefore deemed denied.

2. Mr. Turner brings his action under the Missouri wage and hour laws, § 290.010, *et seq.*, RMSo. and alleges unpaid wages.

**ANSWER:** Defendant admits that the Complaint purports to allege violations of the identified laws, but denies that it violated any such laws.

3. Defendant, RICOH, is an Ohio corporation, with its principal place of business located at 70 Valley Stream Parkway, Malvern, Pennsylvania 19355. RICOH is a foreign corporation that was registered to do business in the state of Missouri until it was administratively dissolved on November 2, 2019 for failure to file a registration report.

**ANSWER:** Paragraph 3 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint except to admit that it is an Ohio corporation.

4. Mr. Turner was classified by RICOH as an hourly, non-exempt employee under § 290.500(3), RSMo. and § 290.505, RSMo.

**ANSWER:** Admitted.

5. Venue is proper in this Court as the acts, occurrences, and events alleged in this action took place, in whole or in part, in Cole County, Missouri. Mr. Turner is and was at all relevant times referenced herein, a resident of Cole County, Missouri.

**ANSWER:** Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Mr. Turner is a resident of Jefferson City, Missouri.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and they are therefore deemed denied.

7. Mr. Turner was employed by RICOH from June 1982 to May 20, 2019.

**ANSWER:** Defendant denies the allegations in Paragraph 7 of the Complaint except to admit that he was terminated on May 20, 2019.

8. Mr. Turner's official title at all times relevant herein was "Senior Technical Specialist.

**ANSWER:** Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Mr. Turner also served as a "Team Lead" for approximately six weeks out of the year in 2017, 2018, and 2019 until his termination.

**ANSWER:** Defendant admits that Plaintiff served as a Team Lead for approximately six weeks during 2017 and 2018, and that he served as a Team Lead for a shorter period of time in 2019. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Until approximately August of 2017, Mr. Turner and other employees worked out of the RICOH office located on Heisinger Road in Jefferson City, Missouri.

**ANSWER:** Defendant denies the allegations in Paragraph 10 of the Complaint.

11. As a Technology Services Advanced Specialist, Mr. Turner travelled from the RICOH office on Heisinger Road to customers' locations to service their equipment and/or conduct courtesy check-ins.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Mr. Turner travelled within his Central Missouri territory, encompassing an approximately eighty-mile radius of Jefferson City, to service customers' equipment and conduct courtesy check ins with customers.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13. RICOH's Jefferson City, Missouri office closed on or about August 2017. At that time, Mr. Turner then began working from his home in Jefferson City, Missouri.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Mr. Turner continued to travel to other locations to perform service calls and courtesy check-ins, now leaving and returning to his home in Jefferson City at the beginning and end of the day instead of to RICOH's physical location in Jefferson City.

**ANSWER:** Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Mr. Turner had to carry parts and tools necessary for the service calls with him from his home to each service call.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. RICOH required Mr. Turner to arrive at his first service call at 8:00 a.m. in the morning such that he would have to leave his home most mornings at or before 7:30 a.m.

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. RICOH did not allow Mr. Turner to clock in until 8:00 a.m. each morning.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Mr. Turner's job required him to participate in administrative tasks at his home before 8:00 a.m. most mornings including, but not limited to, training, parts storage and inventory, unboxing and organizing parts, parts return and shipping, and other miscellaneous tasks assigned to him by management.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19. From the time the RICOH office in Jefferson City closed in August 2017 to the time of his termination on May 20, 2019, Mr. Turner routinely worked in excess of the hours RICOH kept records of and in excess of forty (40) hours per workweek without receiving either his straight time wages at his documented, agreed-upon regular rate of pay or his lawful overtime premium payment of one-and-one-half (1.5) times that rate.

**ANSWER:**  Paragraph 19 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. At the time of his termination on May 20, 2019, Mr. Turner's agreed-upon hourly wage was $30.00 per hour.

**ANSWER:**  Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Upon information and belief, from at least August 2017 to May 20, 2019, RICOH routinely failed to keep accurate records of hours worked, including clock-in and clock-out times, as required by the state of Missouri.  See § 290.520, RSMo.

**ANSWER:**  Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Upon information and belief, from at least August 2017 through May 20, 2019, RICOH compensated Mr. Turner on the basis of inaccurate wage and hour records created pursuant to RICOH's illegal policies maintained by RICOH.

**ANSWER:**  Paragraph 22 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. RICOH failed to maintain accurate records of the hours Mr. Turner worked.

**ANSWER:**  Paragraph 23 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.  To the extent a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Missouri law requires payment of wages, including overtime premium pay, within sixteen (16) days of the close of each payroll period. § 290.080, RSMo.

**ANSWER:** Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

25. At all times relevant herein, RICOH routinely failed to compensate Mr. Turner for all hours worked in each 168-hour workweek within sixteen (16) days of the close of each pay period.

**ANSWER:** Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Mr. Turner complained in person to his supervisor Robert Anderson about RICOH's policy of not allowing him to clock-in until 8:00 a.m., but requiring him to spend time working prior to that time either doing administrative tasks or traveling from home to a customer for a service call.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Upon information and belief, other RICOH employees were not paid properly and were subject to RICOH's same policy.

**ANSWER:** Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. RICOH has an established pattern and practice of failing to maintain accurate records of the hours employees, including Mr. Turner, worked; failing to compensate employees, including Mr. Turner, with either their straight time wages at their documented, agreed-upon

regular rate of pay or their lawful overtime premium payment of one-and-one-half (1.5) times that rate; and failing to compensate employees, including Mr. Turner, for all hours worked in each 168-hour workweek within sixteen (16) days of the close of each pay period.

**ANSWER:** Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29. RICOH's actions were done with evil motive and reckless indifference to the rights of its employees, including Mr. Turner.

**ANSWER:** Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. RICOH did not have a good faith basis to believe it was properly compensating Mr. Turner and knew or should have known its compensation practices were unlawful.

**ANSWER:** Paragraph 30 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

**COUNT I - VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS**

31. Mr. Turner incorporates paragraphs 1-30 of his Petition as if fully set out herein.

**ANSWER:** Defendant repeats its responses to Paragraphs 1 – 30 of the Complaint as if fully set forth herein.

32. At all relevant times herein, Mr. Turner was entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, § 290.010, *et seq.*, RSMo.

**ANSWER:** Paragraph 32 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

33. RICOH is a corporation who, at all times relevant herein, was acting directly or indirectly in the interest of an employer in relation to an employee.

**ANSWER:** Paragraph 33 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

34. RICOH was Mr. Turner's employer at all times relevant herein.

**ANSWER:** Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

35. Mr. Turner was an employee of RICOH, as defined by § 290.500(3), RSMo., at all times relevant herein.

**ANSWER:** Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

36. RICOH is required pursuant to § 290.502, RSMo. to pay Mr. Turner at least his straight-time regular wage for all hours he worked.

**ANSWER:** Paragraph 36 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

37. RICOH is required pursuant to § 290.505, RSMo. to pay Mr. Turner at the rate of one-and-a-half (1.5) times his regular rate of pay for any hours worked in excess of forty hours in a workweek.

**ANSWER:** Paragraph 37 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied.

38. RICOH had knowledge that Mr. Turner was classified as a non-exempt employee.

**ANSWER:** Admitted.

39. RICOH's violations of the Missouri wage and hour laws were willful.

**ANSWER:** Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 39 of the Complaint, and specifically denies any such violation.

40. Mr. Turner worked hours that were not compensated at all, let alone at his straight-time regular, agreed-upon rate, because of RICOH's policies and practices stated herein.

**ANSWER:** Paragraph 40 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Mr. Turner routinely worked more than forty (40) hours in a workweek without being compensated at a rate of at least one-and-a-half (1.5) times his regular rate of pay at which he was employed for all time worked because of RICOH's policies and practices stated herein.

**ANSWER:** Paragraph 41 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42. RICOH, pursuant to its policies and practices, violated Missouri wage and hour laws by refusing and failing to pay Mr. Turner at least his straight-time regular wage for all hours worked and at least one-and-a-half (1.5) times his regular rate of pay for any hours worked in excess of forty hours in a workweek as required under Missouri law.

**ANSWER:** Paragraph 42 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. In the course of perpetrating these unlawful practices, RICOH also failed to keep accurate records of the hours worked each day and each workweek by their employees, including Mr. Turner, and failed to compensate employees, including Mr. Turner, for all hours worked in each 168-hour workweek within sixteen (16) days of the close of each pay period, as required under Missouri law.

**ANSWER:** Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Mr. Turner has incurred damages equal to all unpaid regular and overtime wages due within the three (3) years preceding the filing of this Petition plus periods of equitable tolling, along with an additional amount as liquidated damages.

**ANSWER:** Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Mr. Turner is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

**ANSWER:** Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Mr. Turner has incurred and will continued to incur costs and attorneys' fees in this action.

**ANSWER:** Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

47. RICOH is liable pursuant to § 290.527, RSMo. for Mr. Turner's costs and reasonable attorneys' fees incurred in this action.

**ANSWER:** Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

WHEREFORE on Count I of this Petition, Mr. Turner demands judgment against RICOH and prays for: (1) unpaid regular and overtime compensation and other compensation; (2) liquidated damages; (3) attorneys' fees and costs as allowed by § 290.527, RSMo.; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other and further relief as this Court deems just and proper.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief demanded in his Complaint, including any demanded in the "WHEREFORE" clause following Count I of the Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendant its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## COUNT II - BREACH OF CONTRACT

48. Mr. Turner incorporates paragraphs 1-48 of his Petition as if fully set out herein.

**ANSWER:** Defendant repeats its responses to Paragraphs 1 – 48 of the Complaint as if fully set forth herein.

49. RICOH entered into an agreement with Mr. Turner wherein RICOH agreed to fully compensate him for all time worked on a workweek by workweek basis and in the correct amount of compensation, to be paid no later than the pay period.

**ANSWER:** Paragraph 49 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50. The agreement was made between parties capable of contracting and contained mutual obligations and valid consideration because Mr. Turner performed pursuant to the contract by carrying out his duties as instructed by RICOH and its agents.

**ANSWER:** Paragraph 50 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51. RICOH breached the agreement through its policies and practices by refusing to pay Mr. Turner his straight-time regular wage for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. RICOH refused to perform its obligations in accordance with the terms and conditions of the agreement by failed to properly compensate Mr. Turner for all hours worked at a lawful wage.

**ANSWER:** Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

WHEREFORE on Count II of this Petition, Mr. Turner demands judgment against RICOH and prays for: (1) actual and compensatory damages for unpaid work time and wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed; (4) pre-judgment and post-judgment interest as provided by law; (5) such other and further relief as this Court deems just and proper.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief demanded in his Complaint, including any demanded in the "WHEREFORE" clause following Count II of the Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendant its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## COUNT III - UNJUST ENRICHMENT

53. Mr. Turner incorporates paragraphs 1-53 of his Petition as if fully set out herein.

**ANSWER:** Defendant repeats its responses to Paragraphs 1 – 53 of the Complaint as if fully set forth herein.

54. Mr. Turner conferred benefits on RICOH by providing uncompensated work to RICOH and RICOH received such benefits conferred upon it by Mr. Turner.

**ANSWER:** Paragraph 54 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

55. RICOH appreciated the fact of the benefits by retaining the befits [sic] of the labor provided by Mr. Turner while failing to compensate him for that work time at the proper rate of pay as described herein.

**ANSWER:** Paragraph 55 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. RICOH accepted and retained the benefits in circumstances that render such retention inequitable as they failed to pay Mr. Turner for hours he worked at the appropriate rate of pay.

**ANSWER:** Paragraph 56 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. RICOH has thereby been unjustly enriched and such unjust enrichment was incurred by RICOH at the expense of Mr. Turner, who was not lawfully compensated for his work, resulting in damages.

**ANSWER:** Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Mr. Turner expected to be compensated by RICOH in accordance with the law.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and they are therefore deemed denied.

59. Mr. Turner is entitled to damages equal to all unpaid wages at his straight-time regular rate or overt-time [sic] rate where applicable.

**ANSWER:** Paragraph 59 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. It is unjust for RICOH to retain the benefits from unpaid wages and work performed by Mr. Turner without being paid.

**ANSWER:** Paragraph 60 of the Complaint sets forth legal conclusions to which no response is required and they are therefore deemed denied. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

WHEREFORE on Count III of this Petition, Mr. Turner demands judgment against RICOH and prays for: (1) actual and compensatory damages for unpaid work time and wages; (2) attorney's fees and costs as allowed; and (4) such other and further relief as this Court deems just and proper.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief demanded in his Complaint, including any demanded in the "WHEREFORE" clause following Count III of the Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding Defendant its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## SEPARATE AND AFFIRMATIVE DEFENSES

By way of further Answer to Plaintiff's Complaint, Defendant asserts the following separate and affirmative defenses:

## FIRST DEFENSE

Plaintiff's allegations fail, in whole or in part, to state any claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by his lack of standing to assert them.

## THIRD DEFENSE

Plaintiff's claims are barred as moot or as unripe for adjudication.

## FOURTH DEFENSE

Plaintiff does not have any statutory or other basis for recovering unpaid regular or overtime compensation, actual damages, compensatory damages, liquidated damages, pre- and post-judgment interest, fees and/or costs of suit in this action, or any other such relief.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation or administrative or contractual time periods.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred or limited by the doctrine of After-Acquired Evidence.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by his own acts or omissions and his claims are therefore barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

### EIGHTH DEFENSE

Any claims for liquidated damages are barred to the extent that Defendant's conduct was not willful or in reckless disregard of Plaintiff's rights.

### NINTH DEFENSE

Plaintiff fails to allege facts sufficient to support an award of liquidated damages against Defendant.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, consent and/or waiver.

### ELEVENTH DEFENSE

To the extent Plaintiff received compensation beyond that to which he was entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

### TWELFTH DEFENSE

To the extent that Plaintiff seeks compensation for activities which are preliminary and/or postliminary to principal work activities and are not integral and indispensable to those principal work activities, the time is not compensable.

### THIRTEENTH DEFENSE

To the extent that Plaintiff seeks compensation for travel outside of working hours or normal home-to-work or work-to-home travel during working hours, the time is not compensable.

### FOURTEENTH DEFENSE

To the extent that Plaintiff performed compensable work for *de minimis* amounts of time, such time in not compensable.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge

## SIXTEENTH DEFENSE

If Plaintiff worked more than forty hours in a workweek without overtime pay, which Defendant denies, such hours in excess of forty were without Defendant's knowledge or permission and thus were in violation of Defendant's policies and/or instructions. Plaintiff's claims are therefore barred, in whole or in part, to the extent Plaintiff violated policies and guidelines or disregarded his supervisor's or manager's instructions.

## SEVENTEENTH DEFENSE

Plaintiff's common law claims are barred, in whole or in part for failure to state a claim upon which relief can be granted. Equitable claims such as unjust enrichment are barred where, as here, there was or is a legal remedy (such as the claim under the Missouri Minimum Wage Law).

## EIGHTEENTH DEFENSE

Any failure to pay wages as required is attributable to a bona fide dispute with respect to Plaintiff's entitlement to payment.

Defendant hereby reserves the right to assert such other and further defenses to Plaintiff's Complaint as further investigation and discovery of the facts may warrant.

**WHEREFORE,** Defendant denies that Plaintiff is entitled to any of the relief demanded in his Complaint, and respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety and with prejudice, and awarding

Defendant its attorneys' fees, costs and such other and further relief as the Court deems equitable and just.

Date: March 6, 2020

LATHROP GPM LLP

By: */s/ Jack D. Rowe*
Jack D. Rowe, Esq. (#22996)
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel. 816.292.2000
Fax: 816.292.2001
jack.rowe@lathropgpm.com

Jennifer S. Griffin, Esq. (#44406)
314 East High Street
Jefferson City, 65101
Tel. 573.761.5006
Fax 573.893.5398
jennifer.griffin@lathropgpm.com

REED SMITH LLP

By: */s/ John T. McDonald*
John T. McDonald, Esq.
(*Admitted Pro Hac Vice*)
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. 609.524.2041
Fax 609.951.0824
jmcdonald@reedsmith.com
*Attorneys for Defendant*